# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT CRUZ,  No. CIV S-06-2463-MCE-CMK-P

    Petitioner,

  vs.  FINDINGS AND RECOMMENDATIONS

VEAL, et al.,

    Respondents.

_____/

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's second motion for an evidentiary hearing (Doc. 40).

    In his first motion, petitioner asserted that he is entitled to an evidentiary hearing because he suffers from dementia and is "mildly retarded."  Petitioner did not, however, point to any new evidence which he seeks to adduce in the context of the instant federal proceedings.  In addition, his mental state is not relevant to the substantive claims raised in the petition.[1]  For these reasons, the court found that petitioner had not demonstrated the need for an evidentiary hearing.  Accordingly, the court recommended on May 25, 2007, that petitioner's first request for an evidentiary hearing be denied.  That recommendations was adopted in full on June 11, 2007.

---

[1] Petitioner alleges ineffective assistance of counsel and that his plea agreement was not knowing or voluntary.

1

1       In the instant second request for an evidentiary hearing, petitioner once again
2  raises issues relating to his mental health.  Specifically, petitioner states that a hearing is needed
3  "to use the court's subpoena power to get my medical records from the . . . jail and to call my
4  P.D. to court . . . ."  An evidentiary hearing is required if:  (1) the petitioner's allegations would,
5  if true, entitle the petitioner to relief; and (2) the state court has not, after a full and fair hearing,
6  reliably found the facts.  See Jones v. Wood, 114 F.3d 1002, 1010 (9th Cir. 1997).  Otherwise,
7  whether to hold an evidentiary hearing is within the discretion of the court.  See Townsend v.
8  Smith, 372 U.S. 293, 313, 318 (1963).  An evidentiary hearing is not appropriate where there are
9  no disputed material facts or where the claims present purely legal questions.  See Harris v.
10 Pulley, 885 F.2d 1354, 1378 (9th Cir. 1988).  Petitioner's current request does not establish that
11 these requirements are satisfied such that an evidentiary hearing would be appropriate.  And, as
12 the court stated when addressing petitioner's first request, his mental state is not relevant to the
13 ineffective assistance of counsel claims asserted in his petition.
14      Based on the foregoing, the undersigned recommends that petitioner's second
15 request for an evidentiary hearing (Doc. 40) be denied.
16      These findings and recommendations are submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
18 after being served with these findings and recommendations, any party may file written
19 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
20 Findings and Recommendations."  Failure to file objections within the specified time may waive
21 the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
22 DATED:  August 15, 2007.

                                             _____
                                             CRAIG M. KELLISON
                                             UNITED STATES MAGISTRATE JUDGE