IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT CRUZ, | No. CIV S-06-2463-MCE-CMK-P |
|     Petitioner, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| VEAL, et al., | |
|     Respondents. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court are petitioner's amended petition for a writ of habeas corpus (Doc. 9), respondents' answer (Doc. 26), and petitioner's reply (Doc. 31).

## I. BACKGROUND

Pursuant to a plea agreement, petitioner pleaded no contest to first degree burglary and admitted two prior convictions. On July 21, 2005, petitioner was sentenced to a nine-year term in state prison. On direct appeal, the California Court of Appeal appointed counsel who filed a brief pursuant to People v. Wende, 25 Cal. 3d 436 (1979). After petitioner failed to file a

pro se supplemental brief, the Court of Appeal affirmed the conviction and sentence on March 15, 2006. Petitioner did not seek review by the California Supreme Court.

Petitioner filed a post-conviction action in the Sacramento County Superior Court on January 4, 2006, which the court denied on April 17, 2006. The state court noted:

> Petitioner . . . claims his attorney was ineffective in his criminal case . . . for failing to file a Romero motion seeking to have his prior conviction stricken in the interest of justice under Penal Code section 1385. He asks the court to consider that, at the time of his plea, his AIDS and a brain infection were "full blown," and that at the time of the plea he was on a high dose of "psych meds." This made it impossible for him to have a knowing plea of guilty. . . .
>
> * * *
>
> Petitioner's claims can be divided into three categories: claims that his counsel was ineffective in his criminal case; petitioner's claim that his plea was not valid; petitioner's claim that the conduct credits on the 5-year enhancement should not be limited to 20 percent . . .

Because petitioner does not raise any claims relating to limitation of conduct credits in the instant federal petitioner, the court will focus on the state court's analysis of the remaining claims. As to ineffective assistance of counsel, the state court held:

> Petitioner's claims of ineffective assistance of counsel can be summarized as follows: 1) counsel failed to make a Romero motion; 2) counsel failed to challenge a line-up in the field; 3) counsel failed to present a psychological report that was prepared; 4) counsel told him, if he did not plead guilty, he would receive a life sentence.
>
> * * *
>
> Here, petitioner has not alleged any facts showing that his counsel was ineffective. Petitioner was held to answer on two counts of first degree burglary and one count of receiving stolen property. He had five prior "serious felony" convictions which, if found true, would have resulted in a life term under the "three strikes" sentence. Because of the plea agreement, he was only convicted of one of the burglaries and admitted one of the prior "serious felony" strikes and he was sentenced to the low term for the burglary. In other words, he received an advantageous deal by being sentenced to 9 years in state prison.
>
> None of the grounds stated by petitioner show ineffective assistance of counsel. Based on petitioner's record, no judge would have considered granting a Romero motion to strike the one prior conviction

that petitioner did admit. And, if counsel told him he faced a life sentence, she was correct.

\* \* \*

Petitioner last claims that his counsel was ineffective for failing to "present" a psychological evaluation by Dr. Jeffrey E. Miller, Ph.D. Petitioner does not state what this evaluation that should have been presented would have shown. It states that petitioner suffers from AIDS/HIV and a brain infection and has shown symptoms of brain deterioration. It also states that petitioner has a history of chronic heroin abuse. Dr. Miller states that petitioner is functioning at a mildly retarded range of intelligence. The report does not evaluate or otherwise suggest that petitioner was insane at the time of the offenses or that he was not competent to stand trial or that his plea was not knowing and intelligent. Petitioner has failed to state how this report would have helped his case and how his counsel was ineffective for not "presenting" it.

As to petitioner's claim that his plea was not valid, the state court held:

Along with petitioner's request to have a Romero hearing, petitioner asks the court to consider that he has full blown AIDS and a brain infection. He also states:

"And at the time he plead (sic) guilty he was on a high dose of psych meds 1000 mg of seroquel. This med made it impossible for defendant to make a knowing plea of guilty."

Also attached to the petition is the letter from the CARES doctor dated 5 months before petitioner entered his plea. It states that, since his incarceration, his mental and physical health has declined.

Petitioner has failed to state a prima facie case for relief. Neither petitioner's allegations nor the doctor's letter are sufficient to show that his plea was not voluntary, knowing, and intelligent. Nor is there anything in the transcripts of the plea or sentencing to suggest that petitioner's plea was not voluntary, knowing, and intelligent.

Petitioner filed a habeas petition in the California Supreme Court which was denied without comment or citation on October 11, 2006. On October 18, 2006, the Sacramento County Superior Court denied a request for reconsideration in which it considered petitioner's claim that his prior conviction is invalid. The court stated:

Petitioner's claim that his prior conviction is invalid because he was not advised of his constitutional rights is denied on the ground that it is vague, it fails to state a prima facie case for relief, and petitioner has not attached any documentation showing that the prior is invalid. There is nothing in the file even showing that the prior conviction was the result of

3

a guilty plea, much less that he was not advised of his rights at the time he pleaded guilty.

Petitioner then filed a series of five more post-conviction actions in state court, all of which were addressed in an order issued on January 8, 2007, in which the court found that petitioner had abused the writ process and that all his claims had been previously raised and denied.

## II.  STANDARDS OF REVIEW

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are presumptively applicable.  See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998).  The AEDPA does not, however, apply in all circumstances.  When it is clear that a state court has not reached the merits of a petitioner's claim, because it was not raised in state court or because the court denied it on procedural grounds, the AEDPA deference scheme does not apply and a federal habeas court must review the claim de novo.  See Pirtle v. Morgan, 313 F.3d 1160 (9th Cir. 2002) (holding that the AEDPA did not apply where Washington Supreme Court refused to reach petitioner's claim under its "re-litigation rule"); see also Killian v. Poole, 282 F.3d 1204, 1208 (9th Cir. 2002) (holding that, where state court denied petitioner an evidentiary hearing on perjury claim, AEDPA did not apply because evidence of the perjury was adduced only at the evidentiary hearing in federal court); Appel v. Horn, 250 F.3d 203, 210 (3d Cir.2001) (reviewing petition de novo where state court had issued a ruling on the merits of a related claim, but not the claim alleged by petitioner).  When the state court does not reach the merits of a claim, "concerns about comity and federalism . . . do not exist."  Pirtle, 313 F. 3d at 1167.

/ / /

/ / /

/ / /

Where AEDPA is applicable, federal habeas relief under 28 U.S.C. § 2254(d) is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F. 3d 1223, 1229 (9th Cir. 2001). Thus, under § 2254(d), federal habeas relief is available only where the state court's decision is "contrary to" or represents an "unreasonable application of" clearly established law. Under both standards, "clearly established law" means those holdings of the United States Supreme Court as of the time of the relevant state court decision. See Carey v. Musladin, 127 S.Ct. 649, 653-54 (2006). "What matters are the holdings of the Supreme Court, not the holdings of lower federal courts." Plumlee v. Masto, 512 F.3d 1204 (9th Cir. Jan. 17, 2008) (en banc). Supreme Court precedent is not clearly established law, and therefore federal habeas relief is unavailable, unless it "squarely addresses" an issue. See Moses v. Payne, ___ F.3d ___ (9th Cir. Sept. 15, 2008) (citing Wright v. Van Patten, 128 S.Ct. 743, 746 (2008)). For federal law to be clearly established, the Supreme Court must provide a "categorical answer" to the question before the state court. See id.; see also Carey, 127 S.Ct at 654 (holding that a state court's decision that a defendant was not prejudiced by spectators' conduct at trial was not contrary to, or an unreasonable application of, the Supreme Court's test for determining prejudice created by state conduct at trial because the Court had never applied the test to spectators' conduct). Circuit court precedent may not be used to fill open questions in the Supreme Court's holdings. See Carey, 127 S.Ct. at 653.

///

In Williams v. Taylor, 529 U.S. 362 (2000) (O'Connor, J., concurring, garnering a majority of the Court), the United States Supreme Court explained these different standards. A state court decision is "contrary to" Supreme Court precedent if it is opposite to that reached by the Supreme Court on the same question of law, or if the state court decides the case differently than the Supreme Court has on a set of materially indistinguishable facts. See id. at 405. A state court decision is also "contrary to" established law if it applies a rule which contradicts the governing law set forth in Supreme Court cases. See id. In sum, the petitioner must demonstrate that Supreme Court precedent requires a contrary outcome because the state court applied the wrong legal rules. Thus, a state court decision applying the correct legal rule from Supreme Court cases to the facts of a particular case is not reviewed under the "contrary to" standard. See id. at 406. If a state court decision is "contrary to" clearly established law, it is reviewed to determine first whether it resulted in constitutional error. See Benn v. Lambert, 293 F.3d 1040, 1052 n.6 (9th Cir. 2002). If so, the next question is whether such error was structural, in which case federal habeas relief is warranted. See id. If the error was not structural, the final question is whether the error had a substantial and injurious effect on the verdict, or was harmless. See id.

State court decisions are reviewed under the far more deferential "unreasonable application of" standard where it identifies the correct legal rule from Supreme Court cases, but unreasonably applies the rule to the facts of a particular case. See id.; see also Wiggins v. Smith, 123 S.Ct. 252 (2003). While declining to rule on the issue, the Supreme Court in Williams, suggested that federal habeas relief may be available under this standard where the state court either unreasonably extends a legal principle to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. See Williams, 529 U.S. at 408-09. The Supreme Court has, however, made it clear that a state court decision is not an "unreasonable application of" controlling law simply because it is an erroneous or incorrect application of federal law. See id. at 410; see also Lockyer v. Andrade, 123 S.Ct. 1166, 1175 (2003). An "unreasonable application of" controlling law cannot necessarily be

found even where the federal habeas court concludes that the state court decision is clearly erroneous. See Lockyer, 123 S.Ct. at 1175. This is because ". . . the gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Id. As with state court decisions which are "contrary to" established federal law, where a state court decision is an "unreasonable application of" controlling law, federal habeas relief is nonetheless unavailable if the error was non-structural and harmless. See Benn, 283 F.3d at 1052 n.6.

The "unreasonable application of" standard also applies where the state court denies a claim without providing any reasoning whatsoever. See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Delgado v. Lewis, 233 F.3d 976, 982 (9th Cir. 2000). Such decisions are considered adjudications on the merits and are, therefore, entitled to deference under the AEDPA. See Green v. Lambert, 288 F.3d 1081 1089 (9th Cir. 2002); Delgado, 233 F.3d at 982. The federal habeas court assumes that state court applied the correct law and analyzes whether the state court's summary denial was based on an objectively unreasonable application of that law. See Himes, 336 F.3d at 853; Delgado, 233 F.3d at 982.

### III. DISCUSSION

It is unclear exactly what petitioner is claiming in his federal petition. He states as follows:

1. A defendant who challenges the factual validity of a prior conviction has the right to a jury trial on the prior;

2. Had I known what I know now through legal research, I would not have pleaded no contest;

3. The court did not advise me as to my rights with respect to the prior conviction;

4. Ineffective assistance of counsel for failing to advise me regarding waiver of my rights;

///

>    5.  Counsel failed to submit Dr. Miller's report, which was exculpatory evidence; and
>
>    6.  I was on a high dose of psych meds when I pleaded guilty and, therefore, the plea was not knowing or voluntary.

As the state court observed, petitioner's claims appear to fall within three categories: (1) claims of ineffective assistance of counsel; (2) claims relating to the prior conviction; and (3) claims relating to the validity of the no contest plea.

### A.   Validity of Plea

Petitioner claims that his no contest plea was not knowing or voluntary because he was on a "high dose" of "psych meds" and was suffering a brain infection at the time. He references Dr. Miller's report, which was discussed by the state court in its April 17, 2006, order. The court agrees with the state court that there is nothing in the record to support petitioner's claim. As to Dr. Miller's report, petitioner attaches a report dated April 26, 2004, prepared by Dr. Miller at the request of petitioner's trial counsel. As the state court observed, Dr. Miller's report was not prepared to assess plaintiff's ability to stand trial or participate in his defense, and there is nothing in the report in this regard. There is also nothing in the report to suggest that plaintiff was, at the time of Dr. Miller's evaluation, unable to comprehend his situation or options. Moreover, Dr. Miller's report was prepared over a year before petitioner entered the no contest plea in May 2005, and petitioner has not presented any evidence or arguments concerning his mental state at that time.

A review of the May 2005 hearing at which petitioner entered the no contest plea reveals that it was indeed knowing and voluntary. Petitioner told the court that he understood the terms of the plea agreement. He stated that he understood he would be admitting to one prior conviction. He stated that he understood he would be required to pay restitution. And he stated that he understood and waived his constitutional rights. At no time during the May 2005 hearing did petitioner raise any problems concerning his mental state or ability to understand. To the contrary, the record reflects that he stated he did understand the nature of the plea and that he

agreed to the plea bargain.

The court finds that the state court's denial of this claim was neither contrary to nor an unreasonable application of the law. See Brady v. United States, 397 U.S. 742 (1970)

### B.     Prior Conviction

Petitioner's claims with respect to the prior conviction admitted in the plea agreement are somewhat vague. He states that he had a right to a jury trial on the prior conviction because the factual validity of the charge was challenged. He also seems to complain that he did not receive a trial on the prior conviction. It thus appears that he entered a plea of either guilty or no contest on the prior conviction and that the basis of the current claim is that this plea was not valid for some reason. However, as with petitioner's claim relating to the no contest plea underlying the conviction and sentence he is currently challenging, petitioner presents no evidence or argument relating to the prior conviction to show whether it was the result of a plea and, if so, that the plea was not knowing and voluntary. As the state court noted, the claim is vague at best. Therefore, the court cannot say that the state court's adjudication was either contrary to or an unreasonable application of the law.

### C.     Ineffective Assistance of Counsel

The Sixth Amendment guarantees the effective assistance of counsel. The United States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984). First, a petitioner must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. See id. at 688. To this end, petitioner must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. See id. at 690. The federal court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. See id. In making this determination, however, there is a strong presumption "that counsel's conduct was within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all

significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing Strickland, 466 U.S. at 689).

Second, a petitioner must affirmatively prove prejudice. See Strickland, 466 U.S. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.; see also Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000). A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (quoting Strickland, 466 U.S. at 697).

In this case, petitioner appears to argue that counsel was ineffective for: (1) not submitting Dr. Miller's report; (2) failing to explain his rights with respect to the no contest plea; (3) not moving to strike the prior conviction; and (4) informing him that, if he did not accept the plea agreement, he could face a life sentence. The court finds that petitioner cannot establish prejudice. Specifically, he was not prejudiced by counsel's failure to present Dr. Miller's report because, as discussed, above, that report did not in any way relate to petitioner's ability to knowingly and voluntarily enter into the plea agreement and, in any event, was over a year old at the time the plea was entered. Nor could he have been prejudiced by any failure to adequately explain petitioner's rights with respect to the plea because the court did so at the May 2005 hearing and petitioner acknowledged that he understood and waived his rights. As to not moving to strike the prior conviction, as the state court noted, there is no reasonable probability that the result of the case would have been different had counsel made such a motion. Finally, counsel was correct in informing petitioner that, absent the plea bargain, he could face a life sentence under California's three strikes law.

The court finds that the state court's adjudication of petitioner's ineffective assistance of counsel claims was neither contrary to nor an unreasonable application of the Strickland standard.

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that petitioner's amended petition for a writ of habeas corpus (Doc. 9) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 29, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE